**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

In re:

Thomas M. Sendecky,

Debtor.

Bky. No. 01-42790 (NCD)
Chapter 7 Bankruptcy

---

Floret, LLC and Michele Lea Eggert,

Plaintiffs,

v.

Thomas M. Sendecky, Thomas J. Sendecky, Gregory M. Hewitt, Hewitt Financial Services, Fredrickson & Byron, P.A., and Rick Petry,

Defendants.

Adv. No. 01-4253 (NCD)

---

Floret, LLC and Michele Lea Eggert,

Appellants,

v.

Thomas J. Sendecky, Gregory M. Hewitt, Hewitt Financial Services, Fredrickson & Byron, P.A., and Rick Petry,

Appellees..

Civ. No. 02-202 (DWF)

**MEMORANDUM OPINION AND ORDER**

---

Alfred M. Stanbury, Esq., Stanbury Law Office, 2209 St. Anthony Parkway, Minneapolis, MN 55418, counsel for Plaintiff-Appellants.

Thomas M. Sendecky, 5912 Diamond Lake Lane, Minneapolis, MN 55419, Defendant *pro se.*

Thomas J. Sendecky, 5912 Diamond Lake Lane, Minneapolis, MN 55419, Defendant-Appellee *pro se.*

FILED FEB 28 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD FEB 28 2002
DEPUTY CLERK

Thomas J. Flynn, Esq., Larkin Hoffman Daly & Lindgren, 1500 Wells Fargo Plaza, 7900 Xerxes Avenue South, Bloomington, MN 55431, counsel for Defendant-Appellees Gregory M. Hewitt and Hewitt Financial Services.

David R. Marshall, Esq., and Gregory E. Karpenko, Esq., Fredrikson & Byron, 1100 International Center, 900 Second Avenue South, Minneapolis, MN 55402-3787, counsel for Defendant-Appellees Fredrickson & Byron, P.A. and Rick Petry.

---

**Introduction**

The above-entitled matter is before the Court on Floret, LLC and Michele Lea Eggert's appeal from two November 29, 2001 Orders of United States Bankruptcy Judge Nancy C. Dreher in the adversary proceeding captioned *Floret, LLC and Michele Lea Eggert v. Thomas M. Sendecky, et al.*, Adv. No. 01-4253. Floret, LLC and Michele Lea Eggert (collectively, "Floret") appeals from the Orders that: (a) dismissed all claims against the Appellees; (b) denied Floret leave to amend its complaint as against Appellees; and (c) imposed sanctions pursuant to Bankruptcy Rule 9011.

In addition, Appellees Gregory M. Hewitt and Hewitt Financial Services have brought a motion for sanctions.

**Background**

This case arises out of the Chapter 7 bankruptcy petition of Thomas M. Sendecky.[1] The Appellants (collectively, "Floret") are creditors of Thomas M. Sendecky, having obtained a judgment against him in prior litigation.

The Appellees are all entities listed as creditors on Thomas M. Sendecky's petition for bankruptcy. Thomas J. Sendecky is Thomas M. Sendecky's father. Gregory Hewitt and Hewitt

---

[1] The Bankruptcy Court dismissed the claims against Thomas M. Sendecky, but granted Floret leave to amend the complaint against Thomas M. Sendecky. Accordingly, Floret's claims against Thomas M. Sendecky are not a subject of this appeal.

Financial Services (collectively, "Hewitt") were co-defendants of Thomas M. Sendecky in the prior litigation. Rick Petry is an attorney with Fredrickson & Byron, P.A.; he represented both Thomas M. Sendecky and Hewitt in the prior litigation. In his petition for bankruptcy, Thomas M. Sendecky apparently asserted that he owed his father a substantial sum of money, that he owed Fredrickson & Byron money for legal fees, and that he owed Hewitt for a portion of the legal fees paid by Hewitt to Fredrickson & Byron.

Thomas M. Sendecky filed for Chapter 7 bankruptcy on June 25, 2001. His debts were duly discharged.

Floret filed the underlying adversary action against Thomas M. Sendecky and the Appellees, apparently seeking revocation of the discharge pursuant to 11 U.S.C. § 727(c). Floret asserts that Thomas M. Sendecky did not owe any money to Thomas J. Sendecky, Fredrickson & Byron, or Hewitt. Floret asserts that Thomas M. Sendecky lied on his petition for bankruptcy in an effort to avoid paying the genuine debt he owed to Floret.

The complaint in the adversary proceeding did not seek any form of relief from or state any legal basis of a claim against any of the Appellees. Even now, after the Bankruptcy Court proceedings and the briefs associated with this appeal, the basis for Floret's claims against the Appellees remains unclear. From what the Court can discern, Floret seems to allege that the Appellees had some obligation to come forward and tell the Bankruptcy Court that Thomas M. Sendecky did not owe them any money, that the petition was inaccurate. Floret also seems to suggest that Appellees somehow conspired with Thomas M. Sendecky to fabricate these false debts so that Thomas M. Sendecky's petition for bankruptcy would be accepted and the debts owed to Floret would be discharged.

In a November 29, 2001 hearing, Judge Nancy C. Dreher dismissed the claims against the Appellees and denied Floret an opportunity to amend his complaint. Judge Dreher also awarded Hewitt and Fredrickson & Byron their fees and costs pursuant to Bankruptcy Rule 9011. Floret has appealed those decisions.

**Discussion**

**1. Standard of Review**

On appeal of a final order, the District Court conducts a *de novo* review of the legal determinations of the Bankruptcy Court. *See Pagosa Lakes Property Owners' Ass'n v. Fairfield Pagosa, Inc. (In re Fairfield Pagosa, Inc.)*, 97 F.3d 247, 252 (8th Cir. 1996). The Bankruptcy Court's decision to impose attorneys' fees and costs is reviewed under the abuse-of-discretion standard. *See In re Kujawa*, 270 F.3d 578, 581-82 (8th Cir. 2001).

**2. Bankruptcy Court's Order of Dismissal**

The Bankruptcy Court properly dismissed the claims against the Appellees, to the extent that there were any claims pled. Floret is seeking to revoke the discharge of its debt pursuant to 11 U.S.C. § 727(c). The debtor's other creditors are not proper defendants in such an action. Floret seems to feel that the other creditors *should* be defendants because it was their fraud and their complicity in Mr. Sendecky's fraud which forms the basis for the 727(c) claim. Floret is wrong. The other creditors may be appropriate *witnesses* in Floret's adversary proceeding, but they are not appropriate defendants.

On appeal, Floret claims that his claim against the other creditors should be considered a claim for equitable subordination[2]: that, because of the other creditors' fraud or their complicity

---

[2] The phrase "equitable subordination" is not anywhere in Floret's complaint and it (continued...)

in Mr. Sendecky's fraud, their claims should be subordinate to Floret's. Again, Floret is woefully misled.

Floret's equitable subordination argument fails for a number of reasons, but the most obvious is that equitable subordination is a moot issue in a no-asset proceeding such as this. The trustee has declared that there are no assets in the estate to distribute. "If there is going to be no bankruptcy distribution, equitable subordination is meaningless." *In re Danbury Square Assocs.*, 153 B.R. 657, 661 (Bankr. S.D.N.Y. 1993). That principle should be self-evident. Equitable subordination is a doctrine which is applied in determining which of a number of creditors is first in line to be reimbursed. Applying equitable subordination in the case of a no-asset estate would be tantamount to determining who is first in line for an empty buffet.

*If* Floret convinces a court to revoke the discharge of debts in Mr. Sendecky's bankruptcy, and *if* there were any assets to distribute amongst Mr. Sendecky's creditors, and *if* any of the other creditors were to subsequently make a claim on Mr. Sendecky's estate, the doctrine of equitable subordination might become relevant. But it is certainly not relevant now and is not an adequate basis upon which to drag these four Appellees into litigation.

### 3. Bankruptcy Court's Award of Fees and Costs

The Bankruptcy Court did not abuse its discretion in awarding fees and costs to Hewitt and Fredrickson & Byron. Floret contends that the Bankruptcy Court should not have imposed sanctions because that court should have been able to divine Floret's equitable subordination

---

[2](...continued)
was never uttered in the hearing before Judge Dreher. Floret's rather novel assertion is that Judge Dreher, having great familiarity with the law of bankruptcy, should have understood that Floret should have been couching his claims in terms of equitable subordination. The Court strongly believes that the law imposes no such obligation on any judge.

claim from the bald accusations of the complaint. Yet, even if the Bankruptcy Court had looked at the complaint and somehow ascertained that Floret was attempting to claim equitable subordination, the court would have been justified in imposing sanctions because an equitable subordination claim is so clearly inapplicable to this case.

The Court further concludes that the Bankruptcy Court did not abuse its discretion in determining that $165 per hour was a reasonable fee for Mr. Karpenko.

**4. Hewitt's Motion for Sanctions**

Appellees Gregory M. Hewitt and Hewitt Financial Services have brought a motion for sanctions pursuant to Bankruptcy Rule 9011 and Rule 11 of the Federal Rules of Civil Procedure. These Appellees have requested their attorneys' fees and costs associated with this appeal.

Although it appears to the Court that such sanctions would be entirely appropriate, the Court finds that it has not yet afforded Floret a reasonable opportunity to respond. Therefore, the Court will deem the Motion for Sanctions to be pending.

For the reasons stated, **IT IS HEREBY ORDERED**:

1. The Order of Dismissal and of Sanctions of the United States Bankruptcy Court for the District of Minnesota is **AFFIRMED**.

Dated: February 28, 2002

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.